# Floyd F. Spitzer

## v.

# Commonwealth of Virginia

Record No. 860476

March 6, 1987

Present: All the Justices

*James J. Harney* for appellant.
*Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General,* on brief), for appellant.

PER CURIAM.

In this belated appeal from a judgment convicting Floyd F. Spitzer of receiving stolen property, the defendant contends that the trial court was without jurisdiction. Alternatively, he argues that the evidence was insufficient to support the conviction.

On September 9, 1983, someone stole a Chevrolet Blazer truck from a parking space in Bethesda, Maryland. A Fairfax County police officer saw Spitzer driving the truck on September 19, recognized it as one reported stolen, pursued the vehicle, and actuated the red lights and siren on the police cruiser. The chase was conducted in Fairfax County in a 25 m.p.h. zone at speeds up to 60 m.p.h. Spitzer eluded the officer temporarily by driving through a wooded area in the median strip. When he returned to the roadway, the officer renewed the pursuit. Spitzer then "made a U-turn and went down the other side down the wrong way" in a further attempt to escape arrest.

A Fairfax County grand jury returned an indictment charging that Spitzer committed grand larceny "[o]n or about the 19th day of September, 1983, in the City of Falls Church . . . ."[1] In a bench trial, the court convicted the accused of the statutory offense of receiving stolen property and sentenced him to a term of five years in the penitentiary.

On appeal, Spitzer maintains that the trial court erred by "taking jurisdiction under a venue statute that was misinterpreted by the court." He refers to Code § 19.2-245 which reads, in part, as follows:

> Prosecution for offenses committed wholly or in part without and made punishable within this State may be in any county or city in which the offender is found or to which he is sent by any judge or court; and if any person shall commit larceny or embezzlement beyond the jurisdiction of this State and bring the stolen property into the same he shall be liable to prosecution and punishment for larceny or embezzlement in any county or city into which he shall have taken the property as if the same had been wholly committed therein
> . . . .

Spitzer argues that this statute applies only when the accused "commit[s] larceny beyond the jurisdiction [of the state] *and*

---

[1] The City of Falls Church, part of the Nineteenth Judicial Circuit, is within the territorial jurisdiction of the trial court. Code § 17.119.1:1(19).

bring[s] property into the state . . . ." The Commonwealth adduced no evidence to show that Spitzer stole the vehicle in Maryland or that he was the one who brought it into Virginia, and Spitzer says that the trial court should have sustained his challenge to the jurisdiction.

In the alternative, Spitzer insists that the evidence was insufficient to support the judgment. Specifically, he argues that Code § 18.2-108[2] requires proof that he received the vehicle from "another person . . . knowing the same to have been stolen," that the evidence does not identify another person or prove the element of guilty knowledge, and hence, that the proof does not satisfy the statutory definition. We consider the latter argument first.

■ The statute defines the offense of larceny in the disjunctive. Any person who buys *or* receives *or* aids in concealing property knowing that it was the fruit of a theft is guilty of constructive larceny. When the evidence shows concealment of stolen property, the Commonwealth is not required to prove that the accused was the thief or that he received that property from the thief or "another person." *See Parish* v. *Commonwealth*, 206 Va. 627, 145 S.E.2d 192 (1965), *cert. denied*, 384 U.S. 942 (1966).

■ Guilty knowledge is an essential element of the offense as defined by the statute, but "[a]bsent proof of an admission against interest, such knowledge necessarily must be shown by circumstantial evidence." *Lewis* v. *Commonwealth*, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983). We are of opinion that the police officer's testimony describing Spitzer's frantic efforts to evade arrest in Fairfax County was sufficient to prove concealment with guilty knowledge within the intendment of Code § 18.2-108.

■ Our resolution of this issue disposes of Spitzer's challenge to the court's territorial jurisdiction as well. The basic venue statute provides that "[e]xcept as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. As we have said, the evidence showed that Spitzer was guilty of concealing stolen property in Fairfax County, the county in which he was indicted, tried, and convicted, and the question whether the trial court misinterpreted Code § 19.2-245 is irrelevant.

---

[2] § **18.2-108. Receiving, etc., stolen goods.** — If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.

Finding no merit in the assignments of error, we will affirm the judgment.

*Affirmed.*