COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


CAREY KARRON DAVIS
                                  MEMORANDUM OPINION* BY
v.          Record No. 2918-95-1     JUDGE RICHARD S. BRAY
                                     NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Westbrook J. Parker, Judge

            Denise Winborne, Assistant Public Defender,
            for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Carey Karron Davis (defendant) was convicted in a bench

trial of receiving stolen property valued in excess of $200.  On

appeal, he challenges the sufficiency of the evidence to

establish that the property was stolen and that he was aware of

such circumstance, both necessary elements of the offense.  We

affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the issue on appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  Id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Conviction for a violation of Code § 18.2-108 requires proof that the property was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent.  Starks v. Commonwealth, 225 Va. 48, 54, 301 S.E.2d 152, 156 (1983); see Code § 18.2-108.  Lost or misplaced property may become the subject of larceny if the finder is aware or has the means of ascertaining the owner, or has reason to believe the owner may be discovered, but, nevertheless, intends to appropriate it to his own use.  Hutchinson v. Commonwealth, 133 Va. 710, 719-20, 112 S.E. 624, 627 (1922).  The requisite guilty knowledge "is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen."  Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983) (quoting Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).

Circumstantial evidence "is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, although Officer Panton could not testify that someone actually removed the radio from his belt during the fray, it could not be located in the immediate area thereafter, and no one made any related report or inquiry to police. Such evidence supports the inference that the radio was either stolen directly from the officer or otherwise removed from the proximity of the struggle with a larcenous intent.

The circumstantial evidence in the record is also sufficient to establish defendant's guilty knowledge. Possession of recently stolen property "constitute[s] prima facie evidence that the defendant received the stolen goods with guilty knowledge and cast[s] upon him the burden of going forward with evidence in explanation." Roberts v. Commonwealth, 230 Va. 264, 271, 337 S.E.2d 255, 260 (1985). The trial court was

> "not obliged to accept" what it obviously found was an unreasonable explanation. . . . [I]n the prosecution of this type of case, when a defendant's "hypothesis of innocence is [rejected as] unreasonable, evidence of

possession of recently stolen goods is sufficient to support a conviction." This proposition is especially true where . . . the prima facie case . . . is buttressed by

other strong circumstantial evidence of guilt.

Id. at 272, 337 S.E.2d at 260 (quoting Wescott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975)).

Additional circumstantial evidence of defendant's guilty knowledge included flight, see, e.g., Spitzer v. Commonwealth, 233 Va. 7, 9, 353 S.E.2d 711, 713 (1987); Roberts, 230 Va. at 270-72, 337 S.E.2d at 259-60, and his equivocal statements to police and testimony at trial. See Speight v. Commonwealth, 4 Va. App. 83, 88-89, 354 S.E.2d 95, 98-99 (1987) (en banc). Moreover, defendant was present during the disturbance, was seen shortly thereafter within one-half block of the scene, in the vicinity of a "beeping sound" produced by the radio's "alert" feature, and initially concealed the radio from police.

Such evidence supports the reasonable hypothesis that defendant came into possession of the radio near in time and space to the theft, subsequently secreted it and ran from police, aware that it had been stolen and with a larcenous intent.

Accordingly, we affirm the conviction.

Affirmed.