COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


JAMES LAVOR SMITH

                                        MEMORANDUM OPINION[*] BY
v.   Record 2177-95-2              CHIEF JUDGE NORMAN K. MOON
                                             JANUARY 14, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     William R. Shelton, Judge

            R. Donald Ford, Jr., for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     James Lavor Smith contends that the evidence was
insufficient to support his convictions of grand larceny of an
automobile and possession of cocaine with the intent to
distribute.  Because the evidence disclosed that Smith did not
actually steal the automobile, and the evidence did not exclude
as a reasonable hypothesis that Smith did not know the automobile
was stolen, we hold that the evidence was insufficient to support
the grand larceny conviction.  On the other hand, we hold that
the evidence was sufficient to prove that Smith possessed the
cocaine.  However, we hold that the evidence was insufficient to
exclude as a reasonable hypothesis that he possessed it for his
personal use.

     On the night of February 21, 1995, a Chesterfield County

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

police officer observed a car in a convenience store parking lot in a "known drug area." A license number check revealed that the car had been reported stolen. The officer turned around and entered the parking lot where he detained Smith who was returning to the vehicle from a nearby pay phone. The officer ordered Smith to lie face down with his arms spread on the car's trunk. The officer then handcuffed Smith and moved him away from the car. After moving Smith, the officer noticed a bag containing smaller packets of a substance later identified as cocaine lying on the trunk "right where [he] had put [Smith]." The officer did not see the bag on the trunk before he placed Smith there. The officer searched Smith and found a small amount of marijuana, $63 in cash, a beeper, and another person's identification card. Smith denied having any knowledge of the cocaine and explained that he had gotten the car that evening from a woman named Pat in Petersburg. However, he could not provide Pat's last name but said that she lived on South Street.

The owner of the automobile, Debra Howard, testified that she had loaned the automobile to her brother and that it was stolen from him in Petersburg by a woman named Pat approximately one week before Smith's arrest. Howard's brother did not testify. The arresting officer testified that there was no damage to the car's steering column and that Smith had the car's keys.

## Larceny of the Car

The Commonwealth's evidence proved that a person named Pat stole the vehicle in Petersburg and that Smith got the vehicle from a woman named Pat in Petersburg. The evidence does not reveal whether he got it for his permanent possession or whether he borrowed it for the evening. There were no circumstances suggesting that Smith should have known that the vehicle was stolen. He had the car's keys, and it had not been damaged. Compare Spitzer v. Commonwealth, 233 Va. 7, 353 S.E.2d 711 (1987).

Accordingly, we hold that the evidence was insufficient to prove that Smith stole the vehicle or possessed it knowing it had been stolen.

### Possession of Cocaine

We hold that the evidence was sufficient for a rational finder of fact to believe beyond a reasonable doubt that Smith placed the drugs on the trunk. Smith's suggested hypothesis that someone else placed them there after he stopped the car and before the police officer put him up against the trunk is not a reasonable hypothesis that flows from the evidence in the case. The officer, who was in a position to see anything on the trunk, saw nothing on it before ordering Smith to lie against the trunk. The officer had not searched Smith prior to ordering him onto the trunk. The officer's relevant testimony was as follows:

        Q  And where was [the bag containing
    cocaine] located in relation to where he had
    been?
        A  That's exactly right where I had put
    him.

Q  Had there been any substance there before you put him on the trunk?

A  Not that I saw, no, sir.

Q  Okay.  And you were in a position where you could be able to see if there had been anything?

A  Yes, sir.  I was right behind.

## Intent to Distribute

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence.  But '[w]here . . . the Commonwealth's evidence of intent to distribute is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) (quoting Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986)).  Circumstantial proof of a defendant's intent includes the quantity of the drug discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia. Id. at 524-25, 371 S.E.2d at 165.

Here, Smith possessed a beeper, an item routinely classified as a tool of the drug trade.  Wilkins v. Commonwealth, 18 Va. App. 293, 443 S.E.2d 440 (1994) (en banc).  Smith also possessed cash in the sum of $63.  We have concluded that, considered with other factors, possession of currency by a defendant may be considered in determining whether they possessed drugs with an intent to distribute.  See Colbert v. Commonwealth, 219 Va. 1,

- 4 -

244 S.E.2d 748 (1978). However, here Smith had only $63 on his person, unlike the defendant in Colbert, who was found with approximately $200 in various denominations stuffed in his pockets. No details concerning Smith's money are of record. The possession of $63 is not significant.

Regarding packaging of the drugs, the record indicates Smith possessed thirty-one separate plastic baggies containing some cocaine. The quantity and packaging of an illegal substance are regularly recognized circumstantial indicators of a defendant's intent. Servis, 6 Va. App. at 524-25, 371 S.E.2d at 165. Whether each bag contained residue or a significant amount of cocaine does not appear of record. The certificate shows a total weight of 1.18 grams. The Assistant Commonwealth's Attorney at the end of the officer's testimony stated, "I move for the introduction of the items that the officer has there: the money, the lighter, the pager, the substance itself that was recovered and also the lab report filed with the court papers." There is no recorded response by the court or defense counsel. Apparently, none of these items were referred to by exhibit numbers or marked as exhibits. They were not admitted in evidence and thus are not part of the record of the case. Since the certificate of analysis was discussed and treated as if admitted, we may consider it. Griswold v. Commonwealth, 19 Va. App. 477, 480, 453 S.E.2d 287, 288-89 (1995).

Unfortunately, since the drugs were not admitted into evidence and are not part of the record, we cannot see what the

trial court might have seen.  See Brittle v. Commonwealth, 222 Va. 518, 522-23, 281 S.E.2d 889, 890 (1981).  Moreover, there was no expert testimony as to the significance of the weight or packaging to aid the fact finder in determining whether the cocaine was for personal use or distribution.  There was no evidence of what daily use may consist of or the weight of a single dose.  See Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984).  The illegal use of narcotics is not yet so well known and a matter of common knowledge that the courts may resort to judicial notice to fill in the gaps in the Commonwealth's proof.  See 2 Charles E. Friend, The Law of Evidence in Virginia, 19-1 (4th ed. 1993).

Expert testimony, usually that of a police officer familiar with narcotics, is routinely offered to prove the significance of the weight and packaging of drugs regarding whether it is for personal use.  See Hetmeyer v. Commonwealth, 19 Va. App. 103, 448 S.E.2d 894 (1994); Rodriquez v. Commonwealth, 18 Va. App. 277, 443 S.E.2d 419 (1994); Poindexter v. Commonwealth, 16 Va. App. 730, 432 S.E.2d 527 (1993).  Here, because there was no such evidence, there was insufficient evidence to exclude beyond a reasonable doubt that the possession was merely for personal use.

Accordingly, Smith's conviction of grand larceny is reversed and dismissed.  His conviction for possession of cocaine with the intent to distribute is reversed and remanded to the trial court for further proceedings on the charge of possession of cocaine,

if the Commonwealth be so advised.

<u>Reversed.</u>

Benton, J., concurring and dissenting.


I concur in the opinion except for (1) the section styled "Possession of Cocaine" and (2) the judgment affirming that conviction.

The testimony of the officer who seized Smith was insufficient to prove beyond a reasonable doubt that Smith possessed the cocaine that the officer found on the rear of the automobile. Although the officer watched Smith closely, the following excerpt from his testimony proved that the officer did not observe the trunk of the automobile with care:

Q  Okay.  Describe, please, if you would what happened when you made that particular stop?

A  [Smith] was at the pay phone.  There was another gentleman that was in the passenger side of the car.  And, I, at gun-point, I ordered . . . [Smith] on to the back of the trunk of the vehicle laying down with his hands out on the vehicle like this.  It was a chilly night and he had a coat on.  At that point I approached [Smith], I holstered my weapon, and handcuffed him.  When I handcuffed him, I took him and put him beside the car and held the other gentleman at gun-point until Officer Townsend arrived, my backup.

Q  Okay.  And what did you find after Officer Townsend arrived?

A  When I was going to pick . . . Mr. Smith, from the ground, I noticed on the back of the car right where I put him was a bag of white powder, rocks.

Q  And where was that located in relation to where he had been?

A  That's exactly right where I had put him.

Q  Had there been any substance there before

you put him on the trunk?

A  Not that I saw, no, sir.

Q  Okay.  And you were in a position where you could be able to see if there had been anything?

A  Yes, sir.  I was right behind.

The officer's testimony that he was "in a position . . . [to] be able to see" is insufficient to prove that the cocaine was not already on the trunk when the officer spread Smith on the trunk.  The officer testified that before he spread Smith on the trunk he "wasn't consciously looking at [the trunk]."  Indeed, after the officer handcuffed Smith and moved Smith onto the ground, he did not see the cocaine.  He watched Smith and the passenger and waited for Officer Townsend to arrive.

> Officer Townsend testified as follows:
> When I arrived, Officer Francis had [Smith] on the back of the car.  I observed another subject on the passenger side of the car laying face down.  At that time Officer Francis put [Smith] in handcuffs and he told me to watch the second one.  He walked [Smith] to his car.  At that time after he put him in the car, I approached the second suspect, placed him in handcuffs, got him up, and as I was walking by the car, trunk of the car, I noticed a white, a clear plastic bag containing some white substance.

Even if the trier of fact could ignore the patent conflict in the officers' testimony regarding Smith's position and which officer first saw the cocaine, the testimony of both officers proves that neither of them carefully observed the trunk of the vehicle until well after Smith was off the trunk.

This evidence simply fails to prove beyond a reasonable doubt that the cocaine was not on the trunk before the officer put Smith on the trunk.  Furthermore, the principle is well established that "[t]he burden was on the Commonwealth to prove beyond a reasonable doubt that [Smith] was aware of the presence and character of the [cocaine] and was intentionally and consciously in physical or constructive possession of it." Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977).  Here, the evidence proved only that the officers found cocaine on the trunk after Smith was put there by the officers and after Smith had been moved away to the police vehicle.  The inferences that rise from that evidence fail to prove beyond a reasonable doubt that Smith put the cocaine on the trunk or possessed the cocaine.

For these reasons, I would reverse all the convictions.