COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Kulp[*]
Argued at Richmond, Virginia


JOHN ALONZO ROACH

MEMORANDUM OPINION[**] BY
v.    Record No. 2783-98-2          JUDGE JAMES E. KULP
                                     AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                  Robert G. O'Hara, Jr., Judge

          David L. Cloninger for appellant.

          Thomas D. Bagwell, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     John Alonzo Roach (appellant) appeals from a judgment of the

Prince George County Circuit Court (trial court) convicting him of

receiving/concealing stolen property and attempted grand larceny.

He contends the evidence was insufficient to prove the offenses.

For the reasons that follow, we conclude that the evidence was

sufficient to convict appellant of concealing stolen property, but

agree that the evidence was insufficient to convict him of

attempted grand larceny.

_____

     [*] Retired Judge James E. Kulp took part in the consideration
of this case by designation pursuant to Code § 17.1-400,
recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "This Court does not substitute its judgment for that of the trier of fact, and the trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999) (citation omitted).

Sometime around 1:00 a.m. on August 17, 1996, Richard Loftus saw a car drive up to Shannon Barker's house with its headlights off. Two men exited the vehicle, a 1996 Nissan Altima that had been stolen in Richmond from Meredith Hickman on August 8, 1996. Loftus' wife called the police to report this suspicious activity.

Upon arriving in Barker's and Loftus' neighborhood, Officer Messina noticed that the dome light and brake lights on Barker's car were illuminated. He saw appellant and Tyree Lundy standing by Hickman's car. Appellant falsely claimed to be looking for a young lady who lived in the area. Appellant then lied to Messina and stated that Hickman's car belonged to his sister.

At some point after Messina encountered appellant and Lundy, Maurice Mayo and Chris Barnes exited Barker's property from the vicinity of Barker's car. Upon examining Barker's 1995 Nissan Altima automobile, Messina noticed that the ignition was damaged

-

and there were tools laying on the floorboard around the driver's seat.

Appellant testified that on August 16, 1996, around 5:00 p.m., Mayo came to his house driving Hickman's car. The back "vent" window on the car was broken, and the ignition had been pried open. Appellant noticed the broken window, but testified that he did not notice the pried-open ignition, even though he was sitting in the front passenger seat. Appellant admitted that he was with Mayo continuously thereafter, except for ten minutes appellant spent at his uncle's residence and approximately an hour appellant spent at his girlfriend's house. He noticed that Mayo never turned off the car while they were together.

Appellant initially testified that he knew the car was stolen as soon as he saw Mayo that day. He subsequently testified that Mayo had been driving around in the car for one and a half to two weeks and that, at first, he did not "expect" that the car was stolen. Appellant testified at another point that "he didn't know [Mayo] had the car for a week," and his testimony varied regarding exactly when he learned the car was stolen. At the very latest, appellant learned that the car was stolen as they drove past Pilots in Hopewell, on the way to Barker's neighborhood.

Appellant admitted knowing that Mayo and Chris Barnes went to Barker's neighborhood to steal a car, but testified that he did not participate in this crime and that he accompanied them unwillingly. Mayo refused to take appellant home, but he said

-

that appellant did not have to participate in the theft. Appellant did not want to be dropped off in Prince George County because he was not familiar with the area.

The trial court acquitted appellant of conspiracy to commit larceny, but convicted appellant of receiving stolen property--Hickman's car--and attempted grand larceny of Barker's car.

## Concealing Stolen Property

Appellant contends the evidence was insufficient to convict him under Code § 18.2-108 because he only learned the car was stolen after he had been riding in it for a while, he did not aid in concealing the vehicle, and he never possessed the car.

"If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof . . . ." Code § 18.2-108. "The statute defines the offense of larceny in the disjunctive. Any person who buys or receives or aids in concealing property knowing that it was the fruit of a theft is guilty of constructive larceny." Spitzer v. Commonwealth, 233 Va. 7, 9, 353 S.E.2d 711, 713 (1987). Black's Law Dictionary 288 (6th ed. 1990) defines "conceal" as "[t]o hide, secrete, or withhold from the knowledge of others."

The evidence proved that, at the earliest, appellant knew Hickman's car was stolen when he first saw Mayo drive up in the vehicle, and, at the latest, when they were near Pilots in

-

Hopewell. Appellant was in the stolen car with Mayo for approximately seven hours before they arrived in Prince George County near the Barker residence. When approached by Officer Messina, appellant falsely told the officer that the Hickman vehicle belonged to his sister in a deliberate attempt to conceal from the officer that the car was stolen. From the evidence, the trial court could find beyond a reasonable doubt that appellant was aiding in concealing property that he knew to be stolen. The evidence was sufficient therefore to convict appellant of violating Code § 18.2-108.

## Attempted Grand Larceny

Appellant disavowed any intent to aid and abet the theft of Barker's car, and he asserts his mere presence at the scene was insufficient to convict him as a principal in the second degree.

A defendant is equally liable as a principal in the second degree if he "intended his words, gestures, signals, or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). But "mere presence and consent will not suffice." Underwood v. Commonwealth, 218 Va. 1045, 1048, 243 S.E.2d 231, 233 (1978). "The prosecution must prove that the accused did or said something showing his consent to the felonious purpose and his contribution to its execution. . . . [H]e must share the criminal intent of the actual perpetrator or be guilty of some overt act." Hall v.

-

<u>Commonwealth</u>, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983) (citation omitted).

Whenever "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" <u>Garland v. Commonwealth</u>, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted). "[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." <u>Bishop v. Commonwealth</u>, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984).

Appellant consistently denied aiding and abetting Mayo and Barnes in attempting to steal Barker's car. While he was present at the scene of the crime, appellant was not actively assisting his codefendants, he had expressed to them that he did not share their larcenous intent, and there was no evidence that he was acting as a lookout. Although appellant's false statements to Messina raise a suspicion of guilt, even when coupled with his presence at the crime scene, they are insufficient to prove beyond a reasonable doubt that he was guilty of attempted grand larceny as a principal in the second degree. Accordingly, this conviction must be reversed.

-

For the reasons stated above, we affirm appellant's conviction for concealing stolen property.  But we reverse and dismiss his conviction for attempted grand larceny.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and dismissed in part.</u>

-