COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


CHARLENE MARIE WHITEHEAD

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1699-06-3              JUDGE RANDOLPH A. BEALES
                                                    MARCH 25, 2008

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                            Joseph W. Milam, Jr., Judge
                            David A. Melesco, Judge

               Jesse W. Meadows III, for appellant.

               Jennifer C. Williamson, Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Charlene Marie Whitehead (appellant) appeals from her convictions following a bench

trial on thirty-two counts of receiving stolen property in violation of Code § 18.2-108.  Appellant

challenges the sufficiency of the evidence to sustain those convictions.  She also contends that if

the evidence was insufficient to sustain one or more of her convictions, then the trial court

abused its discretion in finding she violated her probation and in revoking her previously

suspended sentences.  For the reasons that follow, we affirm the judgments of the trial court.

                                        BACKGROUND

        "Applying well-established principles of appellate review, we must consider the evidence

and all reasonable inferences fairly deducible therefrom in the light most favorable to the

Commonwealth, [as] the prevailing party below."  Walker v. Commonwealth, 272 Va. 511, 513,

636 S.E.2d 476, 477 (2006).  That standard requires us to "regard as true all the credible

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

On December 22, 2005, officers from the City of Danville Police Department proceeded to 730 Patton Street, Apartment C, to serve arrest warrants on appellant and her boyfriend, Jamil Walden.[1] The police also had "information from an informant that the apartment contained numerous items that had been stolen out of vehicles in the city of Danville." After forcing entry into the apartment, officers took appellant and Walden into custody.

After entering the apartment, Detective Austin observed a laptop computer and several cell phones lying in plain view. Another officer observed a singed checkbook on top of a commode in the bathroom. Various other items were found in plain view or hidden in bedroom dresser drawers or in closets. Some items still had the owners' names on them.

The officers collected and photographed all of the property found in the apartment, which included additional cell phones, pocketbooks, checkbooks, binoculars, CDs, charge cards, and clothing. During the next several weeks, police matched the items seized from the apartment with the reports submitted by the victims of the thefts. When a person came to reclaim the stolen property, the police took a statement from that victim and photographed the victim with the reclaimed property. At trial, appellant stipulated to each of the victims' statements identifying the reclaimed items as their previously stolen property.

The weekly room rental agreement for Apartment C listed both appellant and Walden as co-tenants. Mack Eatmon, who performed maintenance work on the Patton Street apartments, confirmed that appellant lived there with Walden. Eatmon collected weekly rent from appellant on several occasions and saw appellant around the apartments almost every day.

---

[1] Walden is also the father of appellant's child.

In a signed statement given to police five days after her arrest, appellant admitted that she knew Walden was breaking into vehicles and bringing the items stolen from those vehicles to their apartment. Appellant admitted that Walden "was stealing to try and support [her] and [their] daughter." Appellant identified numerous items from the police photographs as stolen property that Walden brought to the apartment. Her statement concluded:

> I am sorry for letting myself get involved in this situation with Jamil Walden. I care about [Walden] and I love my daughter. I only became involved in this and allowed this to happen to make sure my daughter was taken care of. I sincerely regret that my personal situation got to the point [where] I had to allow these things to happen.

Appellant recanted her confession at trial. Appellant said that she only "knew [Walden] use[d] to come back with a bunch of stuff." She denied knowledge of the items hidden around the apartment. On cross-examination, however, appellant admitted that she knew the items Walden brought into the apartment did not belong to him.

Appellant's brother recalled an evening when he visited the apartment and witnessed Walden leave for forty minutes and return "with a book bag full of stuff." He recalled appellant telling Walden that "she didn't want to have nothing to do with it."

The trial court found appellant guilty of thirty-two counts of receiving stolen property. The court sentenced her to five years, with four years suspended, on six counts and withheld sentencing on the remaining counts on condition that she remain on good behavior for twenty-five years. Furthermore, appellant pled guilty at a revocation hearing to violating her probation. The trial court revoked appellant's previously suspended sentences (seventeen years, four months) and imposed an active term of incarceration of five years. This appeal followed.

ANALYSIS

SUFFICIENCY OF THE EVIDENCE

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 18.2-108 reads, "If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted." "The statute defines the offense of larceny in the disjunctive. Any person who buys *or* receives *or* aids in concealing property knowing that it was the fruit of a theft is guilty of constructive larceny." Spitzer v. Commonwealth, 233 Va. 7, 9, 353 S.E.2d 711, 713 (1987).

"Knowledge that the goods received were stolen property is an essential element of the crime," and "[a]bsent proof of an admission against interest, such knowledge necessarily must be shown by circumstantial evidence." Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983). "'It is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.'" Id. (quoting Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).

- 4 -

Here, appellant confessed in writing, admitting that she knew Walden brought stolen property into their apartment. Appellant also admitted in her statement that the proceeds of the thefts were used to support her and the couple's child. The trial court believed appellant told the truth in her written confession, although she later recanted it at trial. See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."). The affidavits from the victims, avowing that the property was stolen, further proved that the property was indeed stolen. The trial court had sufficient information to find appellant knew that the items she received from Walden were stolen and, thus, to find her guilty of receiving or aiding in concealing stolen property.

Additional evidence in the record further supports the trial court's finding of guilt. The stolen items were scattered throughout the apartment, some in plain view. Some items still had the owners' names on them. Moreover, even though appellant claimed at trial that she did not know the property found in the apartment was stolen, she admitted on cross-examination that she knew the property did not belong to Walden. From all of this evidence, the trial court could reasonably find that appellant, who lived in an apartment filled with items she knew did not belong to Walden, was helping to conceal property that she knew was stolen.

Based upon the totality of the circumstances, a rational trier of fact could conclude that appellant either received stolen property from Walden *or* aided in concealing property he stole. The trial court, therefore, did not err in finding appellant guilty of thirty-two counts of receiving stolen property.

PROBATION VIOLATION AND REVOCATION OF SUSPENDED SENTENCES

Appellant contends the trial court abused its discretion in finding reasonable cause to violate her probation and in imposing an active sentence of incarceration from her previously suspended sentences. However, appellant

> respectfully requests this Honorable Court consider this appeal *in conjunction* with the appeal of those thirty-two convictions [for receiving stolen property]. If one or more of those thirty-two convictions is reversed, then the probation violation should also be reversed and remanded for further consideration in the trial court. *If all thirty-two convictions are affirmed, then the consideration of said convictions by the trial court was proper.*

(Emphasis added.) Therefore, since we have affirmed appellant's thirty-two convictions for receiving stolen property, we need not address this issue further.

## CONCLUSION

For the reasons stated above, we affirm appellant's convictions on thirty-two counts of receiving stolen property in violation of Code § 18.2-108 and affirm the revocation of appellant's suspended sentences.

Affirmed.