COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia

DOMINIQUE MATTHEW SCOTT

                                MEMORANDUM OPINION[*] BY
v.        Record No. 1213-09-3           JUDGE D. ARTHUR KELSEY
                                     NOVEMBER 23, 2010

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Linda L. Czyzyk, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court found Dominique Matthew Scott guilty of (i) receiving or concealing a

stolen firearm in violation of Code § 18.2-108.1; (ii) possessing a firearm by a convicted felon in

violation of Code § 18.2-308.2; (iii) simultaneously possessing a firearm and drugs in violation

of Code § 18.2-308.4; and (iv) possessing cocaine with intent to distribute in violation of Code

§ 18.2-248.  On appeal, Scott challenges the sufficiency of the evidence supporting his

convictions for receiving or concealing a firearm and for simultaneously possessing a firearm

and drugs.[1]  Finding the evidence sufficient, we affirm Scott's convictions.


I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Scott's petition for appeal also challenged his convictions for possessing a firearm by a convicted felon and possessing cocaine with the intent to distribute.  See Pet. for Appeal, Questions Presented I & III.  As we previously denied review of these assertions, we do not now address them.  See Code § 17.1-407.

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

In addition, our examination of the record "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008). In determining whether there is evidence to sustain a conviction, an appellate court must consider "all the evidence" admitted at trial that is contained in the record. Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010) (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586).

So viewed, the evidence proved that one afternoon in October 2007 numerous police officers from the Staunton Police Department and deputies from the Augusta County Sheriff's Office responded to the scene of a reported shooting near 205 Cedar Green Road in Staunton. They were provided a description of the car involved in the incident and advised that the suspect likely went "down in a dip and up to a house" at 205 Cedar Green Road.

Two officers en route observed Scott, a convicted felon, walking along the edge of the woods and starting down an embankment. A vehicle matching the description was nearby. The officers arrested Scott, transported him to a local police station, and later released him. At the time of Scott's arrest, about six to eight officers searched a quarter-mile-wide wooded area with the assistance of police dogs. Nobody, apart from Scott, was found during the search.

Joyce Marie Koiner lived at 205 Cedar Green Road. That very evening around 10:00 p.m., Koiner saw a man and a woman searching with flashlights in the woods near her home. When she confronted the man, he said "he was out there looking for car keys" and that he "had gotten arrested earlier in the evening" down in the woods.

The next morning while walking her dogs, Koiner found in the woods by her home a plastic bag containing what was later determined to be multiple smaller individually wrapped baggies of crack cocaine. Without disturbing the bag, she called the Sheriff's Office. A deputy obtained the plastic bag and also found a loaded .380 caliber semi-automatic handgun and a .380 caliber bullet on the ground in the woods. He recalled the matching round being "probably 25 feet" from the bag of cocaine and the firearm being "approximately 15 feet from that round, and further into the woods."[2] The deputy "ran the serial number on the firearm at the scene" and testified, without objection, that the firearm had been reported "stolen out of the City of Staunton."

Another deputy secured a search warrant to obtain a DNA sample from Scott. When approached by the deputies, Scott volunteered (without any prompting) that he knew he was being "stopped in reference to some crack found in the woods." Forensic tests showed a statistically probative match between Scott's DNA and the DNA samples obtained from the firearm and the inner individually wrapped baggies of cocaine.

At trial, Scott's counsel moved to strike the evidence on various grounds. Contesting the indictment alleging Scott received or concealed a stolen firearm in violation of Code § 18.2-108.1, counsel conceded the "weapon could have been stolen – was stolen" but argued that no evidence showed Scott *knew* it was stolen. Seeking dismissal of the remaining indictments, Scott's counsel cited Gordon v. Commonwealth, 212 Va. 298, 183 S.E.2d 735 (1971), and argued the firearm and drugs were not "found together" and no evidence proved "the gun and the drugs were not tampered with during the course of the time they were in the – the

---

[2] Later in his testimony, the deputy stated the round was "50 yards" from the bag and the firearm was about "15 to 25 feet from the round itself." He then agreed with counsel's statement that the round was "essentially about 65 feet away" from the bag of cocaine. When the trial court asked the deputy to clarify his estimated distances, the officer testified the round was "probably 25 feet" from the bag of cocaine.

woods.  I – I would say that – excuse me – there is essentially a break in the chain of evidence in trying to connect the gun and the drugs" to Scott as opposed to someone else.

Scott's counsel summarized her argument this way:  "So, again, I – I would ask that the evidence – drug evidence and the gun evidence be excluded because there's – there's no connection to Mr. Scott.  And I would – I would use the precedent in Gordon v. Commonwealth to support my case."  At no point in the argument, however, did counsel assert that, even if Scott possessed the firearm and the drugs, he possessed them at different times.

In response to the motion to strike, the prosecutor pointed out the DNA evidence squarely connected Scott to the firearm and the bag of cocaine.  The prosecutor also asserted Scott's admission to Koiner that he was the one arrested earlier that afternoon, coupled with the fact that no one else was arrested or even observed in the area, proved Scott went "back again in the evening looking for those items that he had stashed."  Agreeing with this reasoning, the trial court denied the motion to strike.

After Scott presented no defense, both counsel made their closing arguments.  Finding Scott guilty as charged, the trial court explained:

> This is not simply a case where we have a defendant who is in an area and then subsequent to that in the same area -- for instance, by the side of a road, where there is considerable traffic, there is later found drugs or -- or a firearm.  This isn't that case.  This is a case where it is unquestioned that Mr. Scott was in the area on October the thirty-first, because he was arrested there.  Indeed, according to Sergeant Powers, he was the only one in the area within a quarter of a mile on October thirty-first, sometime around 6:00 p.m.
>
> Later in the evening, someone who said he had been arrested earlier in the day spoke to Ms. Koiner.  Someone with flashlights in the woods, beyond the green tarp, where the stuff was found, talked to Ms. Koiner and said that he had been arrested earlier in the day. . . .
>
>        *   *   *   *   *   *   *
>
> And, finally, with respect to possession of a stolen weapon, there is no question -- the issue, I think, is undisputed -- that the weapon

found in this area after Mr. Scott was there on the thirty-first, after someone else was there on the evening of the thirty-first, with a flashlight, in the woods, and which gun has DNA markers for Mr. Scott, there's no question that that very piece was stolen.

The trial court then found Scott guilty of receiving or concealing a stolen firearm, possessing a firearm by a convicted felon, simultaneously possessing a firearm and drugs, and possessing cocaine with intent to distribute.

## II.

On appeal, Scott argues the evidence failed to prove either that he received or concealed a stolen firearm or that he simultaneously possessed the firearm and drugs.

### A. STANDARD OF APPELLATE REVIEW

"Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). We examine a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original).[3] "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (citation omitted and emphasis in original). We are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007),

---

[3] See also Prieto v. Commonwealth, 278 Va. 366, 399, 682 S.E.2d 910, 927 (2009); McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

because appellate courts have no authority "to preside *de novo* over a second trial," <u>Haskins v. Commonwealth</u>, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." <u>Id.</u> (citation omitted). Consequently, "we do not substitute our judgment for that of the fact finder," <u>Hamilton</u>, 279 Va. at 105, 688 S.E.2d at 175, "even if our opinion were to differ," <u>Ferguson v. Commonwealth</u>, 51 Va. App. 427, 435, 658 S.E.2d 692, 696 (2008) (*en banc*) (citation omitted). "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." <u>Campbell v. Commonwealth</u>, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002).

This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." <u>Clanton v. Commonwealth</u>, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted). Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," <u>Haskins</u>, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," <u>Thomas</u>, 48 Va. App. at 608, 633 S.E.2d at 231 (citation omitted).

### B. Receipt or Concealment of Stolen Firearm

To be guilty of violating Code § 18.2-108.1, a defendant must know "the firearm was stolen." The requisite proof, however, need not show "absolute knowledge or actual observation of the larceny" or "even that defendant know the identity of the thief or victim, or know the time when or place where the larceny was committed." 3 <u>Wharton's Criminal Law</u> § 441, at 598-99 (15th ed. 1996); <u>accord</u> <u>Pasanello v. Commonwealth</u>, 206 Va. 640, 648, 145 S.E.2d 200, 206 (1965). Whatever the circumstances of the underlying larceny, the defendant need only know at the time of his possession that the firearm had been stolen.

In cases where "no witness testified directly that the defendant knew the property in question was stolen," Covil v. Commonwealth, 268 Va. 692, 695, 604 S.E.2d 79, 81 (2004) (quoting Roberts v. Commonwealth, 230 Va. 264, 270, 337 S.E.2d 255, 259 (1985)), the element of guilty knowledge "may be shown by circumstances," Longman v. Commonwealth, 167 Va. 461, 466, 188 S.E. 144, 146 (1936). To be sure, "direct proof is often lacking, but courts are in agreement that circumstantial evidence may be relied upon to establish that such a state of mind existed." 3 Wayne R. LaFave, Substantive Criminal Law § 20.2(d), at 162 (2d ed. 2003).[4]

Often the mere circumstance of time is sufficient — like, for example, when the evidence shows the item was stolen shortly before the defendant came into possession of it. Covil, 268 Va. at 695, 604 S.E.2d at 81. Other circumstances likewise suffice to show the requisite *mens rea* of the possessor. See, e.g., Spitzer v. Commonwealth, 233 Va. 7, 9, 353 S.E.2d 711, 713 (1987) ("frantic efforts to evade arrest"); Longman, 167 Va. at 466, 188 S.E. at 146 (suspicious circumstances of a sale); Fulcher v. Commonwealth, 226 Va. 96, 100, 306 S.E.2d 874, 877 (1983) ("evasive responses" or "bizarre explanation" of possession); Shaver v. Commonwealth, 30 Va. App. 789, 801, 520 S.E.2d 393, 399 (1999) (finding that "conceal[ing] facts" regarding the acquisition of the stolen property and paying a "patently low price" for it implies guilty knowledge); cf. Hey v. Commonwealth, 73 Va. (32 Gratt.) 946, 954-55 (1879) (noting property "never concealed or attempted to be concealed, but exposed all the time to public view" repels a presumption of guilty knowledge).

In this case, a thorough search by numerous officers of a quarter mile area found only Scott. They discovered him in the area where the firearm had been discarded by the edge of the woods adjacent to Koiner's home. He had no apparent reason to be in those woods. His DNA

---

[4] See also Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 898 (1983); Reaves v. Commonwealth, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951).

profile was recovered from the firearm. Scott later came back that same night under the cover of darkness to the scene of his prior arrest. He did so, the factfinder could reasonably conclude, to search the area for items he had previously hidden.

Scott's clandestine effort to conceal the firearm (just prior to his arrest) and then retrieve it (just after his release) permits the reasonable inference that he knew the firearm was stolen. "Knowledge can be circumstantially proven by evidence that the accused, in possession of the stolen goods, attempted to evade capture with them." Ronald J. Bacigal, Criminal Offenses & Defenses 435 (2009-10 ed.); accord Spitzer, 233 Va. at 9, 353 S.E.2d at 713 (holding that the defendant's "frantic efforts to evade arrest" was sufficient "to prove concealment with guilty knowledge").

We acknowledge Scott's argument that his conduct could merely imply that he did not want, as a convicted felon, to be found in possession of any firearm — whether stolen or not.[5] When circumstantial evidence permits competing inferences of guilty conscience, however, the factfinder is free to weigh them in the context of all the evidence and to choose which one or both it finds credible. See Ricks v. Commonwealth, 39 Va. App. 330, 337, 573 S.E.2d 266, 269 (2002) (holding "while appellant's flight might have been attributable to several causes, 'consciousness of guilt' could be inferred by the trial court if any one of those causes was the instant offense"); Leonard v. Commonwealth, 39 Va. App. 134, 151, 571 S.E.2d 306, 315 (2002) (noting "it defies logic" to limit consideration of defendant's attempted escape to avoid prosecution solely to his "lesser offenses" when several other serious charges were pending); cf. Jones v. Commonwealth, 279 Va. 52, 58, 688 S.E.2d 269, 272 (2010) (holding that inference of guilty conscience cannot

---

[5] The fact that Scott was a convicted felon, however, meant he could not have lawfully purchased a firearm from a licensed dealer. This fact enhances, not diminishes, the likelihood that he obtained the firearm from unlawful sources — like, for example, from someone fencing obviously stolen firearms.

invariably arise from conduct that can be reasonably "explained in terms of innocent human behavior").

### C.  SIMULTANEOUS POSSESSION OF FIREARM & DRUGS

Scott's petition for appeal challenged his convictions for possessing a firearm by a convicted felon and possessing cocaine with the intent to distribute.  See Pet. for Appeal, Questions Presented I & III.  Because we previously denied review of these assertions, *supra* n.1, we do not now address them.  See Code § 17.1-407.  We thus take it as a given that the facts, particularly the DNA evidence, proved Scott possessed both the firearm and the cocaine.

Scott argues that, even so, the trial court nonetheless erred because the evidence did not prove he *simultaneously* possessed (either physically or constructively) the firearm and the cocaine — a necessary factual predicate for a conviction under Code § 18.2-308.4.  See Appellant's Br. at 8.  The absence of any specific "finding by the judge of simultaneous possession," Scott argues, confirms the trial court either did not understand the necessity of the simultaneous element of the offense or tacitly accepted that no evidence supported it.  See Oral Argument Audio at 13:10 to 14:25.

We disagree for several reasons.  The trial court convicted Scott of simultaneously possessing a firearm and drugs in violation of Code § 18.2-308.4.  "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  Today, as a century ago, "nothing is better settled than that everything is to be presumed in favor of the correctness of the rulings of a court of competent jurisdiction, when brought under review in an appellate tribunal, until the contrary is shown."  Early v. Commonwealth, 86 Va. 921, 925, 11 S.E. 795, 797 (1890) (citing Coleman v. Commonwealth, 84 Va. 1, 7, 3 S.E. 878, 881 (1887)).

The presumption of correctness cannot be overcome by the absence of any specific remarks from the bench addressing the simultaneousness element of Code § 18.2-308.4. Virginia law does not require the trial court to make specific factual findings in this context. To the contrary, when "faced with a record of historical facts that supports conflicting inferences," an appellate court must presume, even if the factfinder does not expressly say so, that all such evidentiary conflicts were resolved in favor of the prevailing party. Clanton, 53 Va. App. at 570, 673 S.E.2d at 909 (citation omitted); James v. Commonwealth, 53 Va. App. 671, 679 n.2, 674 S.E.2d 571, 575 n.2 (2009) (citation omitted). We thus presume the trial court knew that to convict Scott of simultaneously possessing a firearm and drugs the facts must prove he simultaneously possessed them, either actually or constructively.

Whether the trial court understood this or not, Scott continues, the evidence is nonetheless insufficient to support this finding. Scott, however, did not raise this specific sufficiency issue in his motion to strike or in his closing argument. Under Rule 5A:18, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004); see also Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004). To be sure, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).

In her motion to strike, Scott's counsel argued: "So, again, I – I would ask that the evidence – drug evidence and the gun evidence be excluded because there's – there's no connection to Mr. Scott. And I would – I would use the precedent in Gordon v. Commonwealth to support my case." Gordon addressed solely the issue of possession of a single drug, not the issue of simultaneous possession of different drugs or contraband. Counsel's argument, coupled

with her citation to <u>Gordon</u>, alerted the trial court only to the assertion that the evidence did not prove Scott possessed either the firearm or the drugs. Counsel elaborated on this theme in her closing argument by focusing heavily on what she viewed as the inadequacies of the DNA evidence connecting either the firearm or the drugs to Scott.

At no point in the trial court did Scott's counsel argue with any clarity (as she does on appeal) that: "However, assuming for the sake of argument that Mr. Scott had possessed both the firearm and the drugs that were found in the woods over twenty-four hours after his arrest, the Commonwealth failed to present any evidence to prove that Mr. Scott possessed them simultaneously on or about his person." Appellant's Br. at 8 (extra "the" deleted). The failure to make that argument likely accounts for the trial court's failure to specifically address it from the bench. Like many experienced trial judges, the judge in this case may have limited his remarks to the specific motion-to-strike arguments addressed to him.[6]

III.

Finding no error in the trial court's reasoning or any insufficiency in the evidence, we affirm Scott's convictions.

<u>Affirmed.</u>

---

[6] At oral argument on appeal, Scott's counsel argued the simultaneousness issue was preserved by her remark in the trial court that the firearm and drugs were not "found together" in exactly the same place. <u>See</u> Oral Argument Audio at 11:40 to 12:45. This seems to us, however, too thin a reed upon which to preserve the simultaneousness issue. In context, the not "found together" remark was offered to bolster the assertion that no evidence proved "the gun and the drugs were not tampered with during the course of the time they were in the – the woods. I – I would say that – excuse me – there is essentially a break in the chain of evidence in trying to connect the gun and the drugs" to Scott as opposed to someone else.