Present: Hassell, C.J., Lacy, Keenan, Koontz, Lemons and Agee, JJ., and Russell, S.J.

DEMETRIUS COVIL                              OPINION BY
                                    SENIOR JUSTICE CHARLES S. RUSSELL
     v.   Record No. 040036           November 5, 2004

COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal involves the sufficiency of the evidence to support the grand larceny conviction of a person found in possession of recently stolen property who was known not to be the original thief. Pursuant to familiar principles, the evidence will be summarized in the light most favorable to the Commonwealth, the prevailing party at trial.

     On April 8, 2002, Tanya M. Bray rented a red Oldsmobile Alero from a car rental company in Virginia Beach. On the 14th of that month, she left her workplace in Portsmouth at approximately 7:30 a.m., entered the rental car and started the engine. A man unknown to her approached the car and took it from her at gunpoint.

     Two days later, at 6:10 p.m., Detective T. McAndrew of the Portsmouth police was on routine patrol when he saw Demetrius Covil, whom he knew from previous encounters, driving a red Alero eastbound on Duke Street. Knowing that Covil's driver's permit was suspended, McAndrew followed him. Covil made a right turn and then stopped voluntarily. Learning

that the Alero had been reported stolen, McAndrew arrested Covil and charged him with grand larceny of the vehicle. Covil was subsequently indicted for that offense under Code § 18.2-95, tried at a bench trial, and was convicted.

Tanya Bray was unable to identify the original thief from a photo lineup that included Covil's picture and testified at trial that Covil "doesn't look like him". She stated on cross-examination that she had never seen Covil before. In oral argument at the bar of this Court, the Attorney General conceded that Covil was not the person who took the Alero from Tanya Bray on April 14th.

Covil, a convicted felon, testified at trial that he had asked a friend of his mother to find him a rental car in which he and his girlfriend could drive to King's Dominion "on Saturday." As a result of this contact, he testified, two men unknown to him came up to him and gave him the keys to the Alero in exchange for $50.00. He further testified that he did not know the way to King's Dominion, but was relying on another friend, named "Twin," who was "locked up" at the time of trial, to drive him there. Covil did not give the date of this transaction, but April 16, 2002, the date on which he was arrested in possession of the stolen car, fell on a Tuesday.

At the conclusion of the bench trial, the court found Covil's testimony incredible, stating, "I just don't believe

his story. I think it's got too many holes in it". Covil was convicted of grand larceny and sentenced to one year and seven months incarceration. The Court of Appeals, in an unpublished opinion, affirmed the conviction.

For well over a century, Virginia law has made the crime of receiving stolen goods a species of larceny. Code § 18.2-108, like its statutory predecessors, provides:

> If any person buy or receive from another person, or aid in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender be not convicted.

We have therefore long held that a person indicted for simple larceny may be tried, convicted and punished for that offense merely upon proof that property was stolen by some other person and received by the accused, knowing it to have been stolen. Stapleton v. Commonwealth, 140 Va. 475, 488, 124 S.E. 237, 241 (1924); Price v. Commonwealth, 62 Va. (21 Gratt.) 846, 853 (1872).[*] In the present case, it is undisputed that the property was stolen by another person, that its value was sufficient to meet the requirements of grand larceny under Code § 18.2-95, and that Covil received the property and had

---

[*] Formerly, Code § 18.2-111 contained a provision permitting the accused to demand from the Commonwealth a written statement specifying the particular statute upon which the prosecution would rely in seeking a conviction of larceny. That provision was deleted by 1994 Acts, Ch. 555.

it in his exclusive possession on the second day after the theft.  Thus, the dispositive question is whether the Commonwealth's evidence was sufficient to support a finding of guilty knowledge on Covil's part. Stated differently, if the case were tried to a jury, would the evidence have been sufficient to submit to the jury the factual issue whether Covil knew the car was stolen property?

In Roberts v. Commonwealth, 230 Va. 264, 270, 337 S.E.2d 255, 259 (1985), we said:

> It is true, of course, that an essential element of the offense of receiving stolen property is guilty knowledge. It is also true that no witness testified directly that the defendant knew the property in question was stolen. But the element of guilty knowledge may be supplied by circumstantial evidence, including the circumstance that the accused was in possession of recently stolen property.

(Citations omitted) (emphasis added).

Another circumstance proper for consideration by the trier of fact is the explanation, or lack of it, given by the accused. Because proof of possession of recently stolen goods establishes a prima facie case that the defendant received them with guilty knowledge, the burden is cast upon him to go forward with evidence in explanation. Roberts, 230 Va. at 271, 337 S.E.2d at 260.

Covil was not, of course, required to testify but he voluntarily did so and gave an account that the trier of fact

4

rejected as inherently incredible.  The inference of guilty knowledge arising from an accused's possession of recently stolen property may be repelled by a credible explanation, but the trier of fact is under no obligation to accept an account it finds unworthy of belief. In cases of this kind, when a defendant's "hypothesis of innocence" is rejected as unreasonable, evidence of his possession of recently stolen goods is sufficient to support a conviction.  Roberts, 230 Va. at 272, 337 S.E.2d at 260; Westcott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975).  Further, a fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt.  Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002), cert. denied, 538 U.S. 929 (2003); Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982); Toler v. Commonwealth, 188 Va. 774, 782, 51 S.E.2d 210, 214 (1949). A false or evasive account is a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge.

Because these circumstances were properly considered by the trial court and were sufficient to support the conviction, we will affirm the decision of the Court of Appeals.

Affirmed.

5