COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Haley
Argued at Salem, Virginia


BEVERLY LAM
                                          MEMORANDUM OPINION[*] BY
v.        Record No. 3236-03-3            JUDGE LARRY G. ELDER
                                          MARCH 29, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

James N. Dickson, III, for appellant.

Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Beverly Lam (appellant) appeals from his bench trial conviction for driving after having been declared a habitual offender. On appeal, he contends the evidence was insufficient to prove he drove the vehicle at issue. We hold the evidence was sufficient, and we affirm the challenged conviction.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Circumstantial evidence is sufficient to support a conviction provided the evidence as a whole, viewed in the light most favorable to the Commonwealth, excludes all reasonable hypotheses of innocence flowing from it. Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused, in whole or in part, and to conclude that the accused is lying to conceal his guilt.  Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).  However, a trial court's conclusion that the accused has lied is not substantive evidence of guilt and is insufficient, standing alone, to support a conviction.  Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001) (noting fact that accused lied provided basis for rejection of accused's testimony but was not substantive evidence of guilt).  Rather, it is merely "a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge."  Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) (finding evidence sufficient to support larceny conviction *based on presumption of guilty knowledge flowing from defendant's possession of recently stolen goods* in light of trial court's rejection of defendant's innocent explanation for that possession).

Here, appellant's testimony that he was not driving the car, which the trial court rejected as false, was insufficient, standing alone, to prove the converse--that he *was*, in fact, driving the car at the time of the accident.  Nevertheless, the remaining evidence, both direct and circumstantial, was sufficient to support the necessary finding that he drove the car on the evening in question.

When appellant testified at trial, he admitted being in the car that evening but claimed he was merely a passenger.  He averred that Judith Hammer, the woman with whom he had lived for two years, was driving.  Hammer gave similar testimony.  Both also testified that the vehicle sustained damage on the passenger's side.  Finally, appellant claimed that both he and Hammer correctly described the damage to the car as being on the passenger's side when State Trooper Q.M. Garber interviewed them immediately following the accident.

Trooper Garber's testimony regarding the contemporaneous interviews was at odds with appellant's. Garber testified that when he attempted to question Hammer, the vehicle's owner, on March 3, 2003, immediately after the accident, appellant "intervened numerous times" and Trooper Garber had to "advise[] [appellant] to sit quietly." Garber testified that Hammer then gave an unequivocal but wholly inaccurate description of the accident and the damage sustained by the vehicle. Garber testified Hammer related that "a deer jumped out and *struck* the driver door" (emphasis added) and insisted all damage to the car was on the driver's side. The physical evidence, however, indicated the car sustained damage only on the passenger's side and that it did so when the car "veered off the road slightly" and "struck . . . two trees [on] the passenger side front." Trooper Garber testified that when he interviewed appellant, appellant, in contrast to Hammer, was "very knowledgeable of what took place" during the accident and was "able to describe consistently the damage to the vehicle." Appellant also admitted to Trooper Garber that the gun in the backseat "was my gun on that night," and Trooper Garber found the ammunition for the gun primarily in the driver's side floorboard of the car.

Thus, the evidence supported a finding that appellant attempted unsuccessfully to interrupt Hammer as she erroneously, but with great certainty, described the accident to Trooper Garber. Appellant, unlike Hammer, was able to give an accurate description of the damage to the vehicle in the interview immediately following the accident. When appellant was unable to correct Hammer's version by interrupting the interview, he lied at trial by claiming Hammer had accurately described to Trooper Garber both the accident and damage to the vehicle. Finally, the bulk of the ammunition for the gun appellant admitted was "[his] on that night" was located on the driver's side floorboard. The only hypothesis flowing from this evidence, viewed in the light most favorable to appellant, is that appellant was alone in the vehicle at the time of the accident and, thus, was the individual driving.

For these reasons, we hold the evidence was sufficient to support appellant's conviction for driving after having been declared a habitual offender, and we affirm.

<u>Affirmed.</u>