COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference


DAVID LEE HUTTON, III
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0193-14-3                      JUDGE WILLIAM G. PETTY
                                                    MARCH 31, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Melvin L. Hill for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


David Lee Hutton, III was convicted of receiving stolen property in violation of Code

§§ 18.2-95 and 18.2-108.  On appeal, Hutton argues that the trial court erred in finding the

evidence sufficient to establish that he knew the items he received were recently stolen.  For the

reasons stated below, we disagree and affirm the judgment of the trial court.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

II.

Hutton argues that the trial court erred in finding the evidence sufficient to convict him of receiving stolen goods because there were no facts supporting the inference that Hutton knew the goods were stolen.

In a challenge to the sufficiency of the evidence, we must "'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95, 712 S.E.2d 464, 466 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 923 (2008)).

Hutton argues that the Commonwealth's evidence was insufficient because "circumstantial evidence must exclude every reasonable theory of innocence," and the Commonwealth did not exclude Hutton's theory that he did not know the jewelry was stolen. However, "[t]he statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof

beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "The issue upon appellate review is not whether 'there is some evidence to support' these hypotheses. The issue is whether a reasonable jury, upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty . . . beyond a reasonable doubt." Id.

Furthermore, "[w]hether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." Cooper v. Commonwealth, 54 Va. App. 558, 573, 680 S.E.2d 361, 368 (2009) (quoting Clanton v. Commonwealth, 53 Va. App. 561, 572-73, 673 S.E.2d 904, 910 (2009) (*en banc*)). In practical terms, this means that — even if not "*inherently incredible*" — a defendant's exculpatory version of events need not be accepted by the factfinder. Tizon v. Commonwealth, 60 Va. App. 1, 12-13, 723 S.E.2d 260, 265 (2012).

Code § 18.2-108(A) provides, "If any person buys or receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." A conviction under Code § 18.2-108(A) requires that the Commonwealth prove that the goods were "(1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent." Bazemore v. Commonwealth, 42 Va. App. 203, 212, 590 S.E.2d 602, 606-07 (2004). The only issue on appeal is whether Hutton knew the goods to have been stolen as required by Code § 18.2-108.

"'Guilty knowledge is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen. Guilty knowledge . . . absent proof of an admission against interest, . . . necessarily must be shown by circumstantial evidence.'" Id. at 212-13, 590 S.E.2d at 606-07 (quoting Snow v. Commonwealth, 33 Va. App. 766, 775, 537 S.E.2d 6, 11 (2000)). Such circumstantial evidence

- 3 -

may include "the circumstance that the accused was in possession of recently stolen property." Roberts v. Commonwealth, 230 Va. 264, 270, 337 S.E.2d 255, 259 (1985).

"The inference of guilty knowledge arising from an accused's possession of recently stolen property may be repelled by a credible explanation." Covil v. Commonwealth, 268 Va. 692, 695-96, 604 S.E.2d 79, 82 (2004). However, "the trier of fact is under no obligation to accept an account it finds unworthy of belief." Id. at 696, 604 S.E.2d at 82. And "when the defendant's hypothesis of innocence is [rejected as] unreasonable, evidence of possession of recently stolen goods is sufficient to support a conviction for the crime of larceny . . . or the crime of larceny by receiving stolen goods." Westcott v. Commonwealth, 216 Va. 123, 127, 216 S.E.2d 60, 64 (1975); see also Stapleton v. Commonwealth, 140 Va. 475, 488-89, 124 S.E. 237, 241-42 (1924) ("'[W]hen goods are shown to have been stolen, recent possession of them is evidence against the possessor, tending to show either the original theft to have been committed by him, or a guilty receiving by him.'" (quoting 2 Bish. New Cr. Prac. § 959 (2d ed.))).

Here, the evidence established that sometime during August 2012 Hutton had access to James Kearns's home. James Kearns had hired his sister, Betty Kearns, and her boyfriend, Hutton, to perform repair work inside the house. Hutton and Betty were both unemployed at the time. James Kearns gave his key ring with his house keys on it to Hutton. The next day, James Kearns noticed that his house key was missing from the key ring. He began looking around his house to make sure none of his possessions were missing and discovered that numerous pieces of jewelry were missing from a jewelry box, including his wedding band and two necklaces.

The evidence established that over the next few months Hutton pawned items of jewelry that had been stolen from James Kearns's home. Officer Morris, who investigated the theft of the jewelry, testified at trial. Officer Morris discovered that Hutton had pawned numerous items of jewelry at the Williamson Road Pawn Shop on September 7th, 12th, and 20th. And on

October 1st, Hutton pawned the man's wedding band and two necklaces. Officer Morris recovered the pawned jewelry, and James Kearns later identified the items as his. Upon being questioned by Officer Morris, Hutton admitted to pawning the jewelry.

Hutton was necessarily in possession of the items because he pawned the items himself. His possession was circumstantial evidence that he knew the goods were stolen. The inference of guilty knowledge was further supported by the suspicious circumstances surrounding his possession of the jewelry, including Hutton's access to the home at the time of the theft.

Hutton attempted to rebut the inference of guilty knowledge with the explanation that Betty gave him the jewelry to sell to pawn shops. Hutton said that he never asked Betty where the jewelry came from, and stated that he did not steal the items himself and that he did not know they were stolen. Hutton and Betty were both unemployed at the time, and Hutton offered no explanation as to why Betty would gratuitously give him valuable jewelry.

The trial court was entitled to reject Hutton's explanation for his possession of the jewelry. Upon consideration of all the evidence, the trial court reasonably inferred that Hutton either stole the items himself when he had access to the house key or knew that Betty Kearns had stolen the items. We find the trial court's decision supported by credible evidence and not plainly wrong. Accordingly, we affirm Hutton's conviction.

III.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.