COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia

KENYATTA FERRELL JONES

MEMORANDUM OPINION[*] BY
v.      Record No. 0351-16-1      JUDGE RANDOLPH A. BEALES
FEBRUARY 14, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Joseph W. Myers (Myers & Myers, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Kenyatta Ferrell Jones ("appellant") was convicted in a bench trial of receiving stolen

property in violation of Code § 18.2-108. On appeal, appellant argues that the evidence presented

by the Commonwealth failed to establish that he knowingly received stolen property – and failed to

show that he had a "dishonest intent" when driving the vehicle. For the reasons that follow, we

disagree and affirm his conviction.

I. BACKGROUND

We consider the evidence on appeal "in the light most favorable to the Commonwealth as

we must since it was the prevailing party" in the trial court. Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).

So viewed, the evidence at trial showed that on November 20, 2014, Fernando Morales

("Morales") parked his vehicle (a 1999 Nissan Sentra) in a parking lot while he was working.

––––––––––––––
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

He left his car in the parking lot between 1:00 p.m. and 3:30 p.m. When he returned to get his car around 3:30 p.m., he found that his car and his keys to the car were missing. Morales's mother called the police to inform them that the car was stolen because she was the titled owner. After she reported the theft of the vehicle, Officers Peyton Wosk ("Wosk") and Robert Anderson ("Anderson") of the Norfolk Police Department received a "be on the lookout" warning for the vehicle that afternoon. The officers went to the Lexington Park neighborhood because it was known to them as a "dumping ground" for stolen cars. Around 5:40 p.m. (about two hours after they received the "be on the lookout" warning), the officers observed a vehicle backing out of a parking spot and beginning to travel through the parking lot where the officers were driving. The officers confirmed that the vehicle description and license plate matched that of the stolen vehicle. As they watched the vehicle, they observed the driver park the vehicle in another parking spot in front of a group of people. Officer Wosk testified, "[T]here was a group of individuals on the sidewalk that appeared to be waiting for this vehicle to show up. As this vehicle showed up, an individual from the sidewalk actually ran up and jumped onto the hood of the car kind of laughing and joking around." As the officers pulled up behind the driver's side of the car, the individual on the hood ran away. The passenger in the vehicle also fled. He was later identified as Mike Clemons ("Clemons"). The driver then attempted to flee as well although he fell and was apprehended. The officers identified appellant as the driver of the vehicle. Officer Wosk testified that the vehicle's ignition switch was not damaged although the keys to the vehicle were not recovered.

Appellant, who had previously been convicted of two misdemeanors involving crimes of moral turpitude, testified at trial. He testified that, on November 20, 2014, Clemons told him, "he had a fiend whip for the day," which he said meant "a car you can rent out without having a driver's license or anything like that." When asked further about how to rent a "fiend whip,"

appellant testified, "Money, drugs, any type of way." Appellant testified that Clemons came to his apartment with the "fiend whip" and told appellant that Clemons could not drive because he did not have a valid driver's license. Appellant – who did have a valid driver's license at the time – testified that he agreed to drive the vehicle for Clemons. Appellant testified that Clemons handed him the key and that appellant drove "deeper into the parking lot." Appellant testified that once the car was parked, the police drove up behind the car and Clemons said, "Oh, shit," took the key, jumped out of the vehicle, and ran. Appellant testified that he then decided to run away because he "knew something wasn't right when [Clemons] took the key out of the ignition and ran."

Clemons did not testify at trial because he was by then deceased. However, before he died, Clemons had actually been subpoenaed to court for a hearing in this case but had failed to appear.

The trial judge expressed his disbelief about appellant's story that the reason he was driving the vehicle was because Clemons did not have a current driver's license. The trial judge said, "It does seem somewhat unusual that someone [who] says he's in possession of a fiend car and then disobeys the command of the Court to appear for trial, is so squeamish that he doesn't want to drive it because he doesn't have a driver's license. Seems peculiar."

## II. ANALYSIS

### A. Standard of Review

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the

trial court," <u>Riner</u>, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" <u>Crowder</u>, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting <u>Kelly v. Commonwealth</u>, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)) (emphasis in original). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." <u>Jackson</u>, 443 U.S. at 319. Any issues of statutory interpretation are reviewed *de novo*.

### B. Offense of Receiving Stolen Property

Code § 18.2-108(A) reads, "If any person buys or receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." As the Supreme Court said in <u>Covil v. Commonwealth</u>, 268 Va. 692, 604 S.E.2d 79 (2004), "We have therefore long held that a person indicted for simple larceny may be tried, convicted and punished for that offense merely upon proof that property was stolen by some other person and received by the accused, knowing it to have been stolen." <u>Id.</u> at 695, 604 S.E.2d at 81. "It is true, of course, that an essential element of the offense of receiving stolen property is guilty knowledge." <u>Roberts v. Commonwealth</u>, 230 Va. 264, 270, 337 S.E.2d 255, 259 (1985). "Guilty knowledge 'is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen.'" <u>Shaver v. Commonwealth</u>, 30 Va. App. 789, 800-01, 520 S.E.2d 393, 399 (1999) (quoting <u>Reaves v. Commonwealth</u>, 192 Va. 443, 451, 65 S.E.2d 559, 564 (1951)).

Now, "[f]or the purposes of this appeal, the Defendant concedes both that the vehicle had been stolen by someone and that he (the Defendant), ever so briefly, did have possession of it, in the way that term is used on the authorities." Opening Br. at 5 n.2. However, appellant asserts

on appeal that he did not have guilty knowledge (i.e., knowledge that the vehicle was stolen and a dishonest intent to possess or conceal the stolen vehicle).

### C. Appellant's Guilty Knowledge

Appellant argues that there was no direct evidence showing that he knew the car was stolen and that he did not plan to return it. He also argues that the indirect evidence was too slight to meet the Commonwealth's burden of proof beyond a reasonable doubt.

#### 1. *Commonwealth's Prima Facie Case*

At trial, the Commonwealth did not present direct evidence that appellant had guilty knowledge. However, "guilty knowledge may be supplied by circumstantial evidence, including the circumstance that the accused was in possession of recently stolen property." Covil, 268 Va. at 695, 694 S.E.2d at 81 (quoting Roberts, 230 Va. at 270, 337 S.E.2d at 259). "[P]roof of possession of recently stolen goods establishes a prima facie case that the defendant received [the stolen goods] with guilty knowledge, [and] the burden is cast upon him to go forward with evidence in explanation." Id. In addition, circumstantial evidence of a defendant's efforts to evade arrest may be sufficient to prove that appellant received the vehicle with guilty knowledge. See Spitzer v. Commonwealth, 233 Va. 7, 9, 353 S.E.2d 711, 713 (1987) ("We are of [the] opinion that the police officer's testimony describing Spitzer's frantic efforts to evade arrest in Fairfax County was sufficient to prove concealment with guilty knowledge within the intendment of Code § 18.2-108."). In this case, the stolen vehicle was located in an area known by the police as a "dumping ground for stolen cars," appellant was found in possession of the stolen vehicle mere hours after it was stolen, appellant admitted that he knew Clemons did not own the car, and appellant attempted to flee when the police pulled up to the driver's side of the stolen vehicle.

Appellant argues that, as a matter of law, the Commonwealth's evidence was insufficient to show that appellant had a dishonest intent when he possessed the car (i.e., that appellant knew the car was stolen and intended to continue acting adversely to the owner's property interest in the vehicle). One reason appellant argues the Commonwealth did not prove its case is because appellant could have known that he was receiving stolen property but could have instead wished to use this opportunity to return the vehicle to its owner.[1] Appellant cites Reid v. Commonwealth, No. 0480-93-1, 1994 Va. App. LEXIS 610 (Va. Ct. App. Oct. 4, 1994), an unpublished case from this Court, in an attempt to argue that appellant's presence in the vehicle was not enough to prove that he had a dishonest intent in possessing that vehicle. Id. at *4-5 ("[E]ven if the evidence were sufficient to show that appellant knew the vehicle was stolen, mere presence in and subsequent flight from the vehicle is insufficient to show that the accused aided in concealing it with dishonest intent [in violation of Code § 18.2-108]."). This Court is not bound by its unpublished opinions. See Code § 17.1-413, Rule 5A:1(f); see also Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987). Moreover, Reid is distinguishable. In this case, appellant concedes that he was in possession of the vehicle (while Reid, as a backseat *passenger* in the vehicle, was not in possession). Appellant here was *driving* the stolen vehicle, he admitted that he knew that Clemons did not own the car, and, when he saw the police, he attempted to flee from the vehicle and the police.

---

[1] "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence . . . ." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (quoting Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)). Thus, appellant's particular argument that he could have known the car was stolen but intended to return it was not a reasonable hypothesis of innocence because it is not even supported by appellant's own testimony as appellant testified that he did not know the car was stolen.

## 2. *Appellant's Evidence*

In rebuttal to the Commonwealth's case, appellant testified that he did not know the vehicle was stolen at the time he began driving it. He believed Clemons had rented the vehicle and wanted appellant to drive it because Clemons did not have a valid driver's license – not because Clemons wanted to give appellant stolen property or did not want to get caught in possession of a stolen vehicle. Appellant now seeks to argue on appeal that, because he presented testimony to rebut the Commonwealth's evidence that he was guilty of receiving stolen property, there was a reasonable hypothesis of his innocence and, therefore, the trial court erred in convicting him.

> The inference of guilty knowledge arising from an accused's possession of recently stolen property may be repelled by a credible explanation, but the trier of fact is under no obligation to accept an account it finds unworthy of belief. In cases of this kind, when a defendant's "hypothesis of innocence" is rejected as unreasonable, evidence of his possession of recently stolen goods is sufficient to support a conviction.

Covil, 268 Va. at 695-96, 604 S.E.2d at 82. Whether a "hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Wood v. Commonwealth, 57 Va. App. 286, 306, 701 S.E.2d 810, 819 (2010) (quoting Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004)).

"Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). Consequently, the trial judge was not obligated to believe appellant's version of events and could certainly rely on the Commonwealth's evidence to convict appellant. Appellant's testimony was that Clemons told him that he had a "fiend whip for the day," which, if believed by the trier of fact, implies that appellant thought that the vehicle had not been stolen and that it would be

returned. However, the trial judge was not required to believe appellant, who admitted that he had twice previously been convicted of misdemeanors involving lying, cheating, or stealing. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The trial judge expressed his disbelief that Clemons had told appellant that he had rented the car and that the reason Clemons wanted appellant to drive the vehicle was because Clemons did not have a current driver's license. The trial judge said, "It does seem somewhat unusual that someone [who] says he's in possession of a fiend car and then disobeys the command of the Court to appear for trial, is so squeamish that he doesn't want to drive it because he doesn't have a driver's license. Seems peculiar." Therefore, the trial judge was unconvinced by appellant's explanation as to why he did not know the vehicle was stolen and why he was driving it. Indeed, the fact that the trial judge convicted appellant of receiving stolen property (after hearing argument from the Commonwealth and appellant) shows his implicit credibility determination. Cf. Cuffee v. Commonwealth, 61 Va. App. 353, 367, 735 S.E.2d 693, 700 (2013).

For all of these reasons, we hold that a rational trier of fact could have disbelieved appellant's explanation as to why he thought the vehicle was legitimately borrowed – and why he was driving it – and instead have decided that appellant knew the vehicle had been stolen and was, nevertheless, still willing to use and drive the vehicle.

III. CONCLUSION

In short, we hold that a rational trier of fact could have concluded that appellant had guilty knowledge that the vehicle he was driving was stolen. Likewise, the trier of fact could

certainly conclude that he simply did not believe appellant's testimony that he did not know the car was stolen.  Therefore, we affirm appellant's conviction.

Affirmed.