COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Athey
Argued at Norfolk, Virginia

ERVIN ELIJAH POWELL

                                          MEMORANDUM OPINION* BY
v.      Record No. 1548-18-1          JUDGE CLIFFORD L. ATHEY, JR.
                                            NOVEMBER 19, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Daniel P. McNamara for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, Ervin Elijah Powell ("Powell") was convicted of receiving stolen

property in violation of Code § 18.2-108. The trial court sentenced him to three years

incarceration with one year suspended. On appeal, Powell argues that the trial court erred in

finding the evidence sufficient to establish that he knew the truck he was operating had been

stolen. For the reasons stated below, we disagree and affirm the judgment of the trial court.

I. FACTUAL BACKGROUND[1]

On October 31, 2014, Robert LaFrance reported that his 2013 Toyota Tacoma pickup

truck had been stolen from his driveway. At trial, the Commonwealth presented evidence that at

the time the truck went missing it had a fair market value between $13,175 and $18,350.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to familiar appellate principles, the evidence is summarized in the light most
favorable to the Commonwealth, the prevailing party at trial. Gerald v. Commonwealth, 295 Va.
469, 472-73 (2018).

Five days later, a Norfolk police officer ("Officer Sheldon") located the missing pickup truck with the assistance of a license plate reader in his patrol car. Officer Sheldon reported the information to dispatch so that other officers could assist in his pursuit of the stolen pickup truck. Officer Sheldon, without his lights activated, followed the pickup truck as it made several turns before turning into a parking lot. When Officer Sheldon pulled behind the truck, the driver, later identified as Powell, jumped out of the vehicle and began to flee. Powell was apprehended a few blocks from the truck by another Norfolk police officer ("Officer Chaney"), who was assisting in the pursuit.

Following his apprehension, Powell made multiple spontaneous statements while being transported to the Norfolk Police Operations Center. Powell stated that he was sorry for what he did, that he knew he shouldn't be driving, and that his friend got the vehicle from someone else for $20 or $30.

At the Norfolk Police Operations Center, Powell agreed to speak with Detective Murphy. Powell told the detective that "he got the vehicle from an old friend name Sean AKA 'Little Sean.'" In addition, Powell stated that he "gave Sean $40 for it" so he could "ride around" for his birthday. Despite a thorough investigation, Detective Murphy was unable to obtain any additional information about "Little Sean," including his identity or whereabouts.

At the conclusion of the Commonwealth's evidence, Powell moved to strike the Commonwealth's case alleging that they had not proven that Powell knew the pickup truck was stolen. Powell argued that the trial court could infer that his flight from the truck was because he lacked a driver's license and was the subject of an outstanding warrant. Further, Powell claimed that his explanation for his possession of the stolen truck was reasonable. The trial court overruled Powell's motion to strike. Powell did not present any evidence on his own behalf and renewed his motion to strike on the same grounds. The trial court overruled Powell's renewed

motion and subsequently convicted Powell of receiving stolen property in violation of Code § 18.2-108. Powell appeals that conviction.

## II. ANALYSIS

We review the evidence in the light most favorable to the Commonwealth, as the prevailing party below, and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138 (1995). "Furthermore, we 'accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Brooks v. Commonwealth, 282 Va. 90, 95 (2011) (quoting Glenn v. Commonwealth, 275 Va. 123, 130 (2008)). In a challenge to the sufficiency of the evidence, we must "examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it." Commonwealth v. McNeal, 282 Va. 16, 20 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652 (2008)).

When considering circumstantial evidence, a factfinder cannot arbitrarily disregard a reasonable hypothesis of innocence. Even so, "the reasonable-hypothesis principle is not a discrete rule unto itself." James v. Commonwealth, 53 Va. App. 671, 681 (2009) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 8 (2004)). "Whether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." Clanton v. Commonwealth, 53 Va. App. 561, 572-73 (2009) (*en banc*) (citation omitted). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that

every reasonable hypothesis consistent with his innocence has not been excluded." Id. On review by this Court, "the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found [that] the incriminating evidence renders the hypothesis of innocence unreasonable." James, 53 Va. App. at 682 (citing Commonwealth v. Hudson, 265 Va. 505, 513 (2003)). Circumstantial evidence is not "viewed in isolation." Brown v. Commonwealth, 54 Va. App. 107, 119 (2009) (quoting Muhammad v. Commonwealth, 269 Va. 451, 479 (2006)). Rather, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id.

To obtain a conviction for violating Code § 18.2-108, the Commonwealth must prove beyond a reasonable doubt that property "was (1) previously stolen by another, and (2) received by defendant, (3) with knowledge of the theft, and (4) a dishonest intent." Bynum v. Commonwealth, 23 Va. App. 412, 419 (1996).

Powell challenges only the guilty knowledge element of the offense. Guilty knowledge "is sufficiently shown if the circumstances proven are such as must have made or caused the recipient of stolen goods to believe they were stolen." Reaves v. Commonwealth, 192 Va. 443, 451 (1951). The fact that a defendant paid a patently low price for property is a circumstance from which a trier of fact may infer guilty knowledge. See Wilson v. Commonwealth, 220 Va. 26, 35 (1979).

"The inference of guilty knowledge arising from an accused's possession of recently stolen property may be repelled by a credible explanation." Covil v. Commonwealth, 268 Va. 692, 695-96 (2004). However, "the trier of fact is under no obligation to accept an account it finds unworthy of belief." Id. at 696. See Montgomery v. Commonwealth, 221 Va. 188, 190 (1980). And, "when the defendant's hypothesis of innocence is [rejected as] unreasonable,

- 4 -

evidence of possession of recently stolen goods is sufficient to support a conviction for the crime of larceny . . . or the crime of larceny by receiving stolen goods." Westcott v. Commonwealth, 216 Va. 123, 127 (1975); see also Stapleton v. Commonwealth, 140 Va. 475, 488-89 (1924) ("'[W]hen goods are shown to have been stolen, recent possession of them is evidence against the possessor, tending to show either the original theft to have been committed by him, or a guilty receiving by him.'" (quoting 2 Bish. New Cr. Prac. § 959 (2d ed.))).

Here, the evidence established that Powell was operating—and in possession of—the stolen pickup truck a mere five days after it was taken from LaFrance's driveway. "[P]roof of possession of recently stolen goods establishes a prima facie case that the defendant received [the stolen goods] with guilty knowledge, [and] the burden is cast upon [the defendant] to go forward with evidence in explanation." Covil, 268 Va. at 695.

In the instant matter, Powell failed to rebut the Commonwealth's prima facie inference of guilty knowledge. The trial court found that Powell's contention that he received the car from "Little Sean" for $40 so that he could joyride for his birthday was not credible, in part, because Powell failed to provide any identifying information about "Little Sean" other than a first name. The lack of any other identifying information supports the trial court's decision to discount Powell's hypothesis of innocence. Further, the low amount paid to use a truck with a value between $13,000 and $18,000 also permitted the trial court to infer Powell's guilty knowledge that the truck was stolen. See Wilson, 220 Va. at 26.

The trial court was, therefore, not required to accept the uncorroborated explanation for Powell's possession of the truck in rebuttal of the inference the trial court drew, establishing Powell's guilty knowledge that the truck was stolen. "Further, a fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." Covil, 268 Va. at 695-96. "In

cases of this kind, when a defendant's 'hypothesis of innocence' is rejected as unreasonable, evidence of his possession of recently stolen goods is sufficient to support a conviction." Id.

Powell's flight also permitted the factfinder to infer his guilty knowledge. "[A]cts of flight from a crime scene, or of deceitful behavior immediately following the commission of a crime, are acts that generally cannot be explained in terms of innocent human behavior." Jones v. Commonwealth, 279 Va. 52, 58 (2010); cf. Illinois v. Wardlow, 528 U.S. 119, 124 (2000) ("Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). Powell contends that his flight was because he did not have a license and had an outstanding warrant for his arrest, however, the trial court was free to choose between competing inferences in making its decision.

However, as a result of the combined force of Powell's possession of the recently stolen truck, his "unreasonable" account of events, and his flight from the scene, the trial court did not err in finding the evidence sufficient to support the conviction.

### III. CONCLUSION

For these reasons, we affirm the decision of the trial court.

Affirmed.