COURT OF APPEALS OF VIRGINIA

Present:    Judges Malveaux, Raphael and Senior Judge Petty
Argued by videoconference

UNPUBLISHED

TIMOTHY WAYNE EACHO

                                                MEMORANDUM OPINION[*] BY
v.         Record No. 1659-22-2                 JUDGE STUART A. RAPHAEL
                                                       JULY 23, 2024

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Steven C. McCallum, Judge

            Gregory R. Sheldon (Mark E. Englisby; Bourdow, Bowen & Ellis,
            on brief), for appellant.

            Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Timothy Wayne Eacho challenges his conviction for assault and battery of a family

member (Code § 18.2-57.2), claiming that the extent of the physical force he used against his

14-year-old daughter was justified by his parental right to discipline her. We disagree. Viewing

the evidence in the light most favorable to the Commonwealth, the trial court could properly find

that Eacho, while enraged, used excessive force that included pulling her hair, throwing her to

the ground, and squeezing her neck hard enough to bruise it. So we affirm his conviction.

                                    BACKGROUND

        On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth,

the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard"

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In June 2021, Eacho's 14-year-old daughter, A.E., lived with her mother, from whom Eacho is divorced. But A.E. was spending the night before Father's Day at Eacho's home with her older sister. At the time, A.E. weighed about 170 pounds. Eacho weighed about 210 pounds.

The next morning, Eacho discovered that A.E. had stayed up late using her cellphone. Eacho "became upset." He "shoved" A.E. from her bathroom to the living room. Grabbing his belt, Eacho used it to strike A.E. on her bottom and legs as she tried to get away. Eacho then walked into A.E.'s bedroom, grabbed her cellphone, threw it to the floor, and ordered A.E. to "pack [her] stuff and leave."

A.E. picked up her phone, returned to her room, and started to pack her things, but Eacho came at her again. He shoved A.E. out of the house and told her to "call [her] mom to come get [her]." When she tried to call her mother, however, Eacho demanded that she hand over the cellphone. A.E. refused, telling Eacho that he didn't pay for it and that she was trying to call her mom. As A.E. said "please [don't] touch me," Eacho wrenched her arm behind her back. He then grabbed her by the hair and "swung" her to the ground. Eacho wrestled on the ground with A.E., his weight on top of her, until her older sister grabbed the phone and handed it to Eacho, temporarily ending the scuffle.

As A.E. stood up and started to walk away, her "nose was bleeding." Eacho ordered her to get her "butt back in the yard," and then he "got in [her] face again." As A.E. "asked him to please back away," Eacho grabbed her by the wrist and pushed her up against the back of a car

before shoving her to the front porch. A.E. sat down on the porch, telling Eacho that she was "not a puppy" and would not "stand down when he's in [her] face like that." Eacho then "grabbed" A.E. by the "neck" and squeezed, leaving visible bruises. Arriving in response to a report of an altercation in the front yard, Chesterfield County Police Officer Robert Balducci arrested Eacho for assault and battery on a family member.

At trial in the circuit court, the Commonwealth introduced testimony from A.E., her older sister, and another sister who spoke with Eacho after the incident. Officer Balducci testified as well. The Commonwealth also introduced photographs showing bruising on A.E.'s wrist and arm, as well as at the base of her neck. A.E. acknowledged that she had "gotten in trouble" before about using her cellphone, but she testified that she showed no aggression to Eacho on the day of the altercation. The older sister who witnessed the incident testified that Eacho appeared "angry." Officer Balducci testified that Eacho said he "grasped" A.E. "by the throat" because she was being "disrespectful and yelling." Balducci also said that, as he was being arrested, Eacho turned to A.E. and asked "if she wanted to change her story because now [her dad] was going to jail."

Eacho testified in his defense. He said that A.E. had been staying up late using her cellphone for months and that her grades had declined as a result. He said that he hit A.E. with his belt strap because she refused to tell him where her cellphone was; he claimed that he did not hit her "as hard as [he] could have." He said that he told A.E. to "pack [her] things and get out" because she was being disrespectful.

Eacho said that the skirmish happened outside when he was trying to take away A.E.'s cellphone but got "tangled up" with her and fell. Eacho did not recall grabbing A.E. by the hair but said it was "possible that her hair could have gotten pulled at some point." He denied causing her nose to bleed, which he said happened "much later."

- 3 -

Eacho also denied grabbing A.E.'s neck. He said he put his hands on her shoulders because she was being "disrespectful." The defense also called Eacho's fiancée, Sherry Cornoni, who testified that A.E. had been "very belligerent and defiant" during her altercation with Eacho outside.

In closing, the Commonwealth argued that Eacho assaulted A.E. when he struck her with his belt, threw her to the ground, and applied pressure to her neck. For his part, Eacho defended his right to use corporal punishment on his daughter and insisted that his actions were reasonable. The Commonwealth responded that Eacho could not invoke his parental privilege because the evidence showed that he did not act with a disciplinary purpose.

The trial court found Eacho guilty of assault and battery on a family member. The court noted that the dispute over the cellphone was "the root cause of" the altercation. But Eacho recovered A.E.'s cellphone "fairly early" on, so any "disciplinary purpose would have been accomplished [by] then." And "any disciplinary purpose would have been accomplished" as well once A.E. complied with Eacho's instruction to leave his home and call her mother, or once A.E. no longer had her cellphone "after the wrestling in the front yard." The court also found "no disciplinary purpose to be served" when Eacho placed his hands on A.E.'s neck, causing "visible bruising." The court found it "significant" that "the initiation of physical contact and the re-initiation of physical contact was always by [Eacho]."

The court sentenced Eacho to 12 months in jail, suspending all 12 months on condition of good behavior and "no contact" with A.E. Eacho noted a timely appeal.

ANALYSIS

Eacho argues that the Commonwealth failed to prove that he committed an assault and battery on A.E. because his use of force was justified by his parental right to discipline her. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed

- 4 -

correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The relevant issue on appeal is, 'upon review of the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Lambert v. Commonwealth*, 298 Va. 510, 515 (2020) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"An intentional touching qualifies as a battery unless the actor has some legal justification or excuse." *Woodson v. Commonwealth*, 74 Va. App. 685, 694 (2022). One such legal justification is "domestic authority, which is sometimes described as the 'parental privilege' to discipline a child with physical force." *Id.*

"To fit within the parental privilege, the parent's actions must be undertaken with a disciplinary purpose." *Id.* at 699 n.7. The parental privilege "cannot cloak punishment that causes, or threatens, serious harm." *Id.* at 695. "For this reason, we do not allow a parent to physically discipline a child if the discipline is 'excessive' or 'immoderate.'" *Id.* (quoting *Eberhardt v. Commonwealth*, 74 Va. App. 23, 33 (2021)). "[T]o determine whether a parent's discipline was excessive or immoderate, a trial court must consider all the circumstances. . . . Absent significant harm, a factfinder may conclude that a combination of factors show the child was at risk of serious harm—which still makes the discipline unreasonable." *Id.* at 699.

Viewing the totality of the evidence in the light most favorable to the Commonwealth, the trial court could reasonably conclude that Eacho used excessive physical force and lacked a

proper disciplinary purpose in grabbing, shoving, and throwing A.E. to the ground and then squeezing her neck. In *Woodson*, where we held that the parent's corporal punishment fell "short of what a rational trier of fact could find excessive beyond a reasonable doubt," *id.* at 702, we found "no evidence that Woodson carried out this punishment in a state of anger or rage," *id.* at 700. Here, by contrast, Eacho was "angry" when he was battering A.E., as confirmed by her older sister who witnessed the incident. The trial court could also reasonably conclude that any valid disciplinary purpose ended when Eacho seized A.E.'s phone and ordered her to leave the house. Yet he persisted to reinitiate physical contact. And the degree of force escalated throughout the encounter. Eacho, enraged, wrenched A.E.'s arm behind her back and threw her to the ground by her hair, bloodying her nose. But that was not all. The encounter culminated in Eacho's grabbing A.E. by the neck and applying pressure, causing "visible bruising."

Although Eacho admitted to Officer Balducci at the time that he had grabbed A.E. by the "throat," he denied under oath at trial that he had touched her neck. The trial court, "having rejected [the] defendant's attempted explanation as untrue," was entitled to "draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." *Maust v. Commonwealth*, 77 Va. App. 687, 703 (2023) (en banc) (quoting *Covil v. Commonwealth*, 268 Va. 692, 696 (2004)).

CONCLUSION

In short, we cannot say that the trial court was plainly wrong or lacked evidence in finding that the parental privilege to discipline a child did not justify Eacho's use of force on his daughter. A reasonable trier of fact could find beyond a reasonable doubt that Eacho was guilty of assault and battery on a family member.

*Affirmed.*