COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Athey and Senior Judge Humphreys


JAMES DONALD WASSUM

                                                   MEMORANDUM OPINION[*]

v.      Record No. 1886-24-3                              PER CURIAM
                                                   SEPTEMBER 9, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
K. Mike Fleenor, Jr., Judge

(Frederick M. Kellerman, Jr.; Stone & Kellerman, P.C., on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Anderson W. Peake, Assistant Attorney General, on brief), for appellee.


James Donald Wassum ("appellant") was convicted in a bench trial of possessing methamphetamine, in violation of Code § 18.2-250(A)(a); possessing methamphetamine simultaneously with a firearm, in violation of Code § 18.2-308.4(A); and possessing a firearm as a convicted violent felon, in violation of Code § 18.2-308.2(A).[1] On appeal, appellant asserts that the Commonwealth failed to prove that he was aware of the nature and character of the drugs and that he exercised dominion and control over the firearm. Finding no error, we affirm the trial court's judgment.[2]

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The trial court also convicted appellant of driving on a suspended license, sixth or subsequent offense, in violation of Code § 46.2-301. He does not challenge that conviction on appeal.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth," the prevailing party below. *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

Shortly after midnight on April 14, 2023, Lieutenant Donald Kirker with the Montgomery County Sheriff's Office was on patrol at a gas station that he knew to be a high drug trafficking area. He saw appellant in the back of a green minivan; appellant ducked as if he did not want Kirker to see him. Kirker checked the van's registration and found that it expired in April 2022, although its decals had an expiration date of September 2024.

Kirker monitored the van until it left the gas station approximately 45 minutes later. He stopped the van after seeing it cross the center line and travel in both lanes for about 50 yards. Kirker approached the car and spoke with appellant, who was in the driver's seat, and his fiancée Mashasta Carrico, who was in the front passenger's seat. Appellant claimed that he was taking Carrico to the hospital, but he was driving in a direction away from the nearest hospital. Appellant and Carrico refused Kirker's offer to call emergency services.

When Kirker asked for appellant's driver's license, appellant stated that he left his wallet at home, but told Kirker that his name was Donnie and provided a birth date. He told Kirker that the van was his and he had recently inherited it from his parents.

While checking appellant's identification, Kirker discovered that "Donnie" was an alias for "James Donald Wassum" and there was an active warrant for appellant's arrest in Smyth County.

Kirker ordered appellant out of the van and arrested and searched him. Kirker found a container with white residue, which he suspected was an illegal substance, in appellant's pocket. Appellant stated that the substance was "Goody's headache powder."

A second officer found a nine-millimeter bullet in appellant's pocket. Appellant stated that he had found the bullet in the gas station parking lot. The officers also observed a holster on appellant's belt. He acknowledged that it was a "pistol holster" but claimed that he used it to carry drill batteries. When the officers asked appellant whether they would find a firearm in the van, appellant asked Carrico if she had her pistol with her.

The officers searched the van and found a loaded nine-millimeter Mossberg MC1 pistol in the glove compartment. The firearm had a round in the chamber and five rounds in the magazine. The firearm fit the holster on appellant's belt, and Kirker determined that it would fire the caliber of bullet in appellant's pocket. In the van's glove compartment, the officers found a blue container holding three clear baggies with white residue, a glass smoking device, and a red straw. They also found scales and an additional magazine with nine-millimeter ammunition in the van. Subsequent scientific analysis determined that the residue in the container in appellant's pocket and the substance in the baggies in the blue container were methamphetamine.

Carrico told the officers that the firearm belonged to her and that she typically kept it in the glove compartment. She described her firearm either as a nine-millimeter or .38 caliber but could not identify the make.

At trial, Carrico testified that she and appellant had been together since 2017. She stated that appellant had inherited the van from his father, and while they both used it as their "main vehicle," it was appellant who "mainly" kept personal possessions inside it. Carrico claimed that the firearm belonged to her and that she kept it in the glove compartment to keep foxes away from her chickens. According to Carrico, when she put the firearm in the glove compartment, nothing

else was there, and she never saw appellant remove the firearm. She claimed that she did not know the contents of the blue container.

Appellant moved to strike the evidence, arguing that the Commonwealth failed to prove he knowingly possessed the firearm or methamphetamine. The trial court concluded that the evidence established that appellant possessed both the gun and the drugs. Accordingly, the trial court convicted appellant of possessing methamphetamine, possessing methamphetamine simultaneously with a firearm, and possessing a firearm as a convicted felon.

This appeal followed.

ANALYSIS

When we review the sufficiency of the evidence, "[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

To convict a defendant of possessing contraband, "the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the

[contraband] and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). Further, "proof of actual possession is not required; proof of constructive possession will suffice." *Id.* (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)). The Commonwealth proves that a defendant constructively possessed contraband by presenting evidence of "acts, statements, or conduct" by the defendant or "other facts and circumstances which tend to show that the defendant was aware of the presence and character of the contraband and that the contraband was subject to his dominion and control." *Commonwealth v. Garrick*, 303 Va. 176, 183 (2024). While the Commonwealth does not meet its burden of proof simply by showing a defendant's proximity to contraband, proximity "is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed [a] firearm." *Smallwood v. Commonwealth*, 278 Va. 625, 630-31 (2009) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)). It is "[p]ossession and not ownership" that is "the vital issue." *Id.* at 631 (quoting *Burnette v. Commonwealth*, 194 Va. 785, 792 (1953)). And "[p]ossession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." *Id.* (quoting *Burnette*, 194 Va. at 792). Finally, in proving possession, as with any other element, "circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Finney v. Commonwealth*, 277 Va. 83, 89 (2009) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).

### A. Possession of Firearm

Appellant argues that the evidence does not prove that he exercised dominion and control over the firearm. We disagree.

Here, the firearm was in the glove compartment of the van appellant was driving, within his arm's reach. Although his proximity to the firearm does not conclusively establish that he possessed it, it is probative of a finding that he did so. *Garrick*, 303 Va. at 184; *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018). And police found a nine-millimeter bullet in his pocket and a holster fitting a nine-millimeter handgun on his belt. The trial court was entitled to reject his explanations for these items' presence on his person, and conclude that he was lying to conceal his guilt. *See Covil v. Commonwealth*, 268 Va. 692, 696 (2004) ("[A] fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt."). Appellant's possession of these two items strengthens the inference that he both knew such a firearm was present and exercised dominion and control over it.

In addition, Carrico testified that she owned the firearm and had placed it in the glove compartment. Even if the trial court credited this testimony, it could consider that testimony to be inculpatory rather than exculpatory. The fact that Carrico kept the firearm in the glovebox of a van that appellant owned, that they both used as their "main vehicle," and in which it was "mainly" appellant who kept personal belongings, supports rather than undermines the conclusion that appellant knew the firearm was present and that he exercised dominion and control over it. Finally, even if Carrico owned the firearm, that in no way precluded appellant from jointly possessing it. *See Smallwood*, 278 Va. at 631. Based on these facts, viewed in the light most favorable to the Commonwealth, the trial court did not err in finding that appellant knowingly possessed the firearm.

### B. Possession of Methamphetamine

Appellant also contends that the evidence was insufficient to establish that he was aware of the nature and character of the methamphetamine. Appellant's sole argument under this

assignment of error is that his statement that he believed that the residue in his pocket was headache powder "shows his lack of knowledge as to the character of the item." But the trial court, as factfinder, was "under no obligation to accept" this assertion. *Covil*, 268 Va. at 696. To the contrary, the court was entitled to reject it and infer that appellant was lying to conceal his guilt. *Id.* Appellant's statement that he owned the van, combined with Carrico's claim that she did not put the blue container holding three clear baggies with methamphetamine residue in the glove compartment, supports the inference that it was appellant who put the container there. Moreover, the presence of this additional methamphetamine and drug paraphernalia in the van— coupled with appellant's evasive behavior—could lead a reasonable factfinder to conclude that appellant knew the substance in his pocket was methamphetamine. Accordingly, the trial court did not err in finding that appellant knowingly possessed methamphetamine.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*